UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
WILMINGTON TRUST, NATIONAL
ASSOCIATION, not in its individual
capacity but solely as successor trustee
to Citibank, N.A. as trustee to Lehman
XS Trust Mortgage pass-through
certificates, series 2005-10,

       Plaintiff,

 -v-

ALTAGRACIA GENAO, also known as
Alta Gracio Genao, also known as
Alta Gracia Genao, also known as
Lisbeth Genao; JOSELIN GENAO,
also known as Yosseline Elizabeth
Genao; and ALLIED BUILDING
PRODUCTS CORPORATION,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 3:20-CV-97
JOSELIN GENAO,

       Counter Claimant,

 -v-

WILMINGTON TRUST, NATIONAL
ASSOCIATION,

       Counter Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| APPEARANCES: | OF COUNSEL: |
| ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC<br>Attorneys for Plaintiff<br>900 Merchants Concourse<br>Westbury, New York 11590 | JOSEPH F. BATTISTA III, ESQ.<br>KHARDEEN I. SHILLINGFORD, ESQ. |

JOSELIN GENAO
Defendant *Pro Se*
832 Shaver Hill Road
Deposit, New York 13754

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On January 29, 2020, plaintiff Wilmington Trust, National Association ("Wilmington" or "plaintiff") filed the present complaint to foreclose on a mortgage it held on property at 832 Shaver Hill Road, Deposit, New York, 13754 ("832 Shaver Hill"). Dkts 1; 39-4 ("Battista Dec."), ¶ 2. As it stands, the defendants named in the complaint are: Altagracia Genao ("Altagracia"), Joselin Genao ("Joselin"), and Allied Building Products Company ("Allied Building" and together "defendants"). *See* Battista Dec. ¶¶ 11-14.

On August 13, 2021, Joselin answered Wilmington's complaint pro se, raising thirty affirmative defenses and stating a counterclaim alleging that

2

plaintiff had been overcharging on the mortgage.  Dkt. 24, pp. 4-18.[1]  She was the only defendant to answer.  *See generally, id.*, *passim*.

## II. Plaintiff's Motions

On January 6, 2022, Wilmington moved for default judgment under Federal Rule of Civil Procedure ("Rule") 55 against Altagracia and Allied Building.  Dkt. 39.  By the same instrument, plaintiff moved for summary judgment under Rule 56 against Joselin.  *Id.*  Joselin never responded to plaintiff's motion.  Nevertheless, that motion will now be decided on the submissions and without oral argument.

### A. Default Judgment

Under Rule 55, a district court may grant default judgment against a party for the failure to plead or otherwise defend an action.  Fed. R. Civ. P. 55; *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  A party moving for default judgment must first attain an Entry of Default from the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Once default is established, the Court must "accept all . . . factual allegations as true and draw all reasonable inferences in" the moving party's favor.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, a district court still must determine whether the

---

[1] Pagination Corresponds with CM/ECF.

3

allegations and evidence establish the defendant's liability as a matter of law before default judgment can attach. *Id.*

## B. Summary Judgment

Conversely, summary judgment under Rule 56 is warranted if the parties' submissions show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing FED. R. CIV. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute of a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant bears the burden of pointing the court to the materials that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Additionally, a court considering a summary judgment motion "must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citing *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)). Even so, a non-movant's conclusory allegations without support from record evidence are insufficient: the non-movant must "put up or shut up." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). At

4

bottom, summary judgment tasks the Court with assessing the assembled evidence and determining whether a reasonable factfinder could find in the nonmovant's favor.  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).

### C. New York Foreclosure Law

Wilmington's only claim for both its summary and default judgment motions is for foreclosure under New York law.[2]  Under New York law, a plaintiff is entitled to judgment as a matter of law in a foreclosure case "by submitting the mortgage, the unpaid note, and evidence of the defendant's default."  *Onewest Bank, N.A. v. Rosado*, 2016 WL 3198305, at *2 (S.D.N.Y. June 7, 2016).  If a plaintiff meets its burden and provides each of the three requisite pieces of evidence, a defendant must produce some triable issue of fact to withstand a summary judgment motion.  *Id.* at *3.

Wilmington's submissions include proof of a mortgage on 832 Shaver Hill.  Dkt. 39-6, pp. 2-22.  It has also provided the promissory note that it claims went unpaid.  Dkt. 39-5, pp. 2-4.  And finally, it has furnished records establishing defendants' failure to pay.  Dkts. 39-13, pp. 2-99; 40 ("Zhao Dec."), ¶ 18.  Thus, for both its summary and default judgment motions, plaintiff has met its burden of proof that all defendants have defaulted on the

---

[2] This Court has jurisdiction over this claim under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.  Dkt. 1, ¶ 7.

5

mortgage on 832 Shaver Hill. *Rosado*, 2016 WL 3198305, at *2. As a result, because neither party has appeared to defend itself, default judgment against Altagracia and Allied Building must follow.

### III. **Joselin's Affirmative Defenses and Counterclaim**

However, Joselin's affirmative defenses and counterclaim must yet be reckoned with. By and large, those must be rejected. Joselin failed to respond to Wilmington's motion for summary judgment, which means that the record has nothing to support any of her defenses. Obviously enough, the burden to prove an affirmative defense typically rests on the party asserting it. *See Fitzgerald v. Henderson*, 251 F.3d 345, 357 (2d Cir. 2001) (noting that defendant bears burden of proof on affirmative defenses). The posture of this case being summary judgment, her failure to present evidence means that she has failed to carry that burden and is largely out of luck. *See Weinstock*, 224 F.3d at 41 (explaining that summary judgment is time to "put up or shut up"). Similarly, her failure to provide any evidence of overcharging dooms her counterclaim. *APS Tech., Inc. v. Brant Oilfield Mgmt. & Sales, Inc.*, 2015 WL 5707161, at *5 (S.D.N.Y. Sept. 29, 2015) (noting that counter claimant bears burden of proof for counterclaims).

But there are two defenses Joselin raised in her counterclaim that the Court must consider nonetheless. First, Wilmington must establish standing for its claim to survive. Under New York law, a foreclosure plaintiff has

6

standing so long as it demonstrates physical possession of the note. *Avail Holding LLC v. Ramos*, 820 F. App'x 83, 85 (2d Cir. 2020) (summary order) (citing *JP Morgan Chase Bank, Nat'l Assoc. v. Weinberger*, 37 N.Y.S.3d 286, 288 (2d Dep't 2016). By explaining the series of transfers and agreements that led to its holding the promissory note, plaintiff has done precisely that. Zhao Dec. ¶¶ 7-8. By extension, it has established standing, and Joselin's argument fails. *Ramos*, 820 F. App'x at 85.

Second, under New York Real Property Actions and Proceedings Law § 1303 ("§ 1303"), a foreclosing party is obliged to afford notice to its party opponent at the same time it serves process. The burden of proving compliance with § 1303 rests on the plaintiff, and thus the Court must also consider this argument, notwithstanding Joselin's failure to meaningfully advance it. *See Wells Fargo Bank, N.A. v. Watts*, 2020 WL 6370057, at *1 n.2 (E.D.N.Y. May 27, 2020). To that end, Wilmington has supplied an affidavit of service specifically swearing to have provided adequate § 1303 notice. Dkt. 39-18, p. 2. That is enough to meet plaintiff's burden. *See Watts*, 2020 WL 6370057, at *1 n.2. Given Joselin's failure to come forward with any evidence to the contrary, her asserted defense is not enough to forestall summary judgment.

Upon review of the remaining affirmative defenses raised in Joselin's answer, the Court is satisfied that her failure to provide evidence is damning

for each.  All told, Wilmington's motions for summary judgment against Joselin and default judgment against both Altagracia and Allied Building must be granted.

## IV. **ATTORNEY'S FEES AND COSTS**

As a final matter, Wilmington has also moved for attorney's fees and costs. In the event of default, the promissory note allows plaintiff to recover reasonable attorney's fees incurred in the course of enforcing their terms. Dkt. 39-5, p. 3.  Plaintiff is therefore entitled to all attorney's fees and costs in this case for which it has made a proper showing.

In assessing whether a request for attorney's fees is reasonable, "[b]oth [the Second Circuit] and the Supreme Court have held that . . . the product of a reasonable hourly rate and the reasonable number of hours required by the case . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  The resulting product "should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997)).

Naturally, this calculation depends on the hourly rates employed in the district in which the reviewing court sits. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts in this district have recently determined hourly rates of: between $250 and $350 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals, to be reasonable. *Deferio v. City of Syracuse*, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018).

Once the typical hourly rate is established, the court should "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill*, 522 F.3d at 190. Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 186 n.3 (internal citations omitted).

9

Ultimately, a fee is presumptively reasonable if it is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons*, 575 F.3d at 174 (internal citations and quotation marks omitted).

Wilmington requests a flat fee in the amount of $5,225.00 for 21.75 hours of work. Dkt. 39-26, ¶¶ 4-5. That breaks down to an hourly rate of $240.23 per hour. The problem that rate poses is that plaintiff's attorney is an associate, not a partner, *id.* ¶ 1, which puts his rate comfortably outside of the usual rate associates can command in this district, *Deferio*, 2018 WL 3069200, at *3 (noting that associates typically earn between $165 and $200). It is also more than plaintiff's attorney's usual hourly rate of $215.00. Dkt. 39-26, ¶ 5.

However, $240 is still less than the $250 rate a partner could justifiably request. *See Deferio*, 2018 WL 3069200, at *3. Additionally, Wilmington's counsel has nineteen years' experience, achieved a favorable result for his client despite the procedural complexities of a pro se opponent, and conducted himself professionally at all stages. Dkt. 39-26, ¶ 6. Put together, and considering all of the *Arbor Hill* factors, the Court finds the fee request to be unreasonable under the unique circumstances of this case, albeit only slightly. 522 F.3d at 186 n.3. Rather than cap plaintiff's counsel at the $200 rate typical for this jurisdiction, in deference to his performance the Court

10

will allow him to recover his typical hourly rate of $215. Plaintiff may recover attorney's fees in the amount of $4,676.25.

Finally, regarding costs, a plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying. *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019). The Court has reviewed the $1,890.00 in costs that Wilmington asks to recover and finds that the requested items are all recoverable. Plaintiff is entitled to the full $1,890.00 that it requested.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff Wilmington Trust, National Association's motions for summary judgment against defendant Joselin Genao and for default judgment against defendants Altagracia Genao and Allied Building Products Corporation are GRANTED;

2. Defendant Joselin Genao's counterclaim against plaintiff Wilmington Trust, National Association is DISMISSED;

3. Plaintiff Wilmington Trust, National Association may recover attorney's fees in the amount of $4,676.25, costs in the amount of

11

$1,890.00, and a money judgment in the amount of $141,552.11, for a total of $148,118.36; and

4. The Clerk of Court is directed to enter judgment in accordance with plaintiff Wilmington Trust, National Association's proposed judgment at Dkt. 39-1 and close the case file.

IT IS SO ORDERED.

Dated: February 8, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge