## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

## **JUDGMENT IN A CIVIL CASE**

WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity but solely as successor trustee to Citibank, N.A. as trustee to Lehman XS Trust Mortgage pass-through certificates, series 2005-10,

    Plaintiff(s)

vs.                                          CASE NUMBER: 3:20-cv-97 (DNH/ML)

ALTAGRACIA GENAO, also known as Alta Gracio Genao, also known as Alta Gracia Genao, also known as Lisbeth Genao; JOSELIN GENAO, also known as Yosseline Elizabeth Genao; and ALLIED BUILDING PRODUCTS CORPORATION,

    Defendant(s)

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Plaintiff Wilmington Trust, National Association's motions for summary judgment against defendant Joselin Genao and for default judgment against defendants Altagracia Genao and Allied Building Products Corporation are GRANTED. Defendant Joselin Genao's counterclaim against plaintiff Wilmington Trust, National Association is DISMISSED. Plaintiff Wilmington Trust, National Association may recover attorney's fees in the amount of $4,676.25, costs in the amount of $1,890.00, and a money judgment in the amount of $141,552.11, for a total of $148,118.36. The Clerk of Court is directed to enter judgment in accordance with plaintiff Wilmington Trust, National Association's proposed judgment at Dkt. 39-1 and close the case file as follows:

That the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto be sold pursuant to this Judgment. Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof. Together with all fixtures

and articles of personal property annexed to, installed in or used in connection with the mortgaged premises as more fully set forth in the aforementioned mortgage to be sold in one parcel subject to the following, any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, of any; zoning restrictions and any amendments thereto according to law now in force existing violations and order of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the Northern District of New York, Binghamton U.S. Courthouse, 15 Henry Street, Binghamton, NY 13901, by and under the direction of Norbert A. Higgens, Esq., 64 Front Street, Binghamton, NY 13905, 607-724-0337 who is hereby designated the Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RP APL 231 in The Press and Sun Bulletin.

That the plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if plaintiff becomes such purchaser no deposit shall be required. That said Referee execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in an IOLA account with an FDIC insured bank and provide counsel for plaintiff with the name and location of said bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository, to wit:

FIRST:   The Referee shall pay a sum not to exceed $750.00, the amount allowed by Section 8003 of the CPLR to the Referee as the Referee's fee herein.

SECOND:   The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the said Referee to be correct.

THIRD:   The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums. The Referee shall pay to the plaintiffs attorney the sum of $4,676.25 for reasonable attorneys' fees incurred by plaintiff to protect or enforce plaintiffs security interest in the premises.

FOURTH:  The Referee shall pay to the plaintiff or his attorney the sum of $1,890.00 which is hereby awarded to it for costs and disbursements to be taxed by the Clerk of this Court and inserted herein, with interest thereon from the date hereof, together with an extra allowance of $300.00 hereby awarded to the plaintiff in addition to costs and disbursements, with interest

thereon from the date hereof, and also the sum of $141,552.11 being the amount found due as aforesaid, together with interest at the contract rate thereon from December 23, 2021 to the date of entry of judgment and thereafter interest at the statutory rate thereon, to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later or so much thereof as the purchase money will pay of the same.

FIFTH:  That, if the Referee intends to apply for a further allowance for the Referee's fee, the Referee may leave on deposit such amount as will cover further order of the Court thereon after application duly made.

SIXTH:  The Referee shall pay to the Plaintiff its assigns, the sum due under its mortgage plus interest at the contract rate, or so much thereof, as the purchase money will pay of the same, plus escrow advances, legal fees and disbursements thereon and that the Referee shall take an affidavit from Plaintiff or its representative setting forth the amount due thereunder and a receipt therefore and file it with the Referee's Report of Sale.

SEVENTH:  That the said Referee take receipts for the money so paid out by the Referee and file the same with the Referee's Report of Sale and that the Referee deposit the surplus money, if any, with the Treasurer of Broome County within five days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Justice thereof.

That the said Referee make a Report of such sale and file it with the Clerk of the Court within 30 days of completing the sale and executing the proper conveyance to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; that, if the proceeds of such sale be insufficient to pay the amount so Reported due to the plaintiff and interest, costs and allowances as aforesaid, said Referee specify the amount of such deficiency in the Referee's Report of Sale.

That, in case the plaintiff shall become the purchaser of the premises directed to be sold, as aforesaid, or in the event that the rights of the purchaser at said sale, and the terms of sale under this judgment shall be assigned to or acquired by the plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND" and "THIRD", or in lieu of the payment of the said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. That the balance of the amount bid, if any, shall be allowed to the plaintiff, and applied by the paragraph marked "FOURTH" above. That if, after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to it of the Referee's deed, the amount of such surplus, and the Referee shall then deposit the balance with such depository as herein directed.

That the defendants in this action, and all persons claiming under them subsequent to

the filing of the notice of the pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof.  The following is a description of the premises heretofore mentioned: (See Schedule "A" annexed hereto) SAID premises being known as and by the street number 832 Shaver Hill Road, Deposit, NY 13754.

That the premises be sold subject to:

(a) The state of facts an accurate survey will show;

(b) All covenants, restrictions, easements, agreements and reservations, if any, of record and to any and all violations thereof;

(c) Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same, including, but not limited to, reapportionment of lot lines, and vault charges, if any;

(d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violations of the same;

(e) The physical condition of any buildings or structure on the premises as of the date of the later to occur of the closing date or the of the closing date hereunder;

(f) Rights of tenants in possession, if any;

(g) Prior mortgages and judgments, if any, now liens of record;

(h) Right of Redemption of the United States of America, if any;

(i) Rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR Section 5015, if any;

(j) Any and all Hazardous Materials in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos, and toxic substances; and,

(k) Other conditions as set forth in the terms of sale more particularly to be announced at the sale.

That each and all of the Defendants in this action, and all the persons claiming under them or any of either of them, after filing of the notice of pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof.

That the legal description contained within the Subject Mortgage recorded on September 15, 2005 at Contril # 200500037024 is hereby reformed to match the legal description contained within the annexed Schedule A.

That the County Clerk is hereby directed to record a copy of this judgment against the land records for the subject property. That said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises with 120 days from the date of sale.

All of the above pursuant to the Memorandum-Decision and Order of the Honorable Judge David N. Hurd, dated the 8th day of February, 2022.

DATED: February 8, 2022

_____
Clerk of Court

                    S/Kathy Rogers
                    Kathy Rogers
                    Deputy Clerk

## Schedule A

### Parcel 1

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Sanford, Broome County, and State of New York, being a part of Lot No. Eleven (11) in Fisher and Norton's Patent, bounded and described as follows: Beginning at the northeast corner of said lot No. 11, and running thence north eighty-seven degrees west, twenty-seven chains and sixty links; thence south three degrees west, twenty-five chains and twenty-five links; thence south eighty-seven degrees east, twenty-seven chains and sixty links; thence north three degrees east, twenty-five chains and twenty-five links to the place of beginning, containing sixty-nine acres and sixty-one hundredths of an acre of land, be the same more or less, excepting and reserving therefrom however, five acres from the southwest corner of said premises described in and conveyed by a deed from Applington to Pinney dated September 6, 1833, and recorded in Broome County Book of Deeds No. 17 at page 230, also excepting three-fourths of an acre of land on the west side of the creek and north of the highway sold by Grover Pinney to Barney Hedley by deed recorded in Broome County Book of Deeds No. 61 at page 179, and subject also to the rights of the Methodist Episcopal Church in and to the premises described in and conveyed by a deed from Grover Pinney to H. S. Gregory and others as trustees dated September 15, 1848 and recorded in Broome County Book of Deeds No. 63 at page 480, and stated as two roods and one rod of land.

The premises intended to be covered by this parcel are the same as described in a mortgage given by Grover Pinney to Henry Ensign, Supervisor and Trustee, etc., July 1, 1856, and recorded in Broome County Clerk's Office in Book of Mortgages No. 24 at Page 609 to which mortgage reference is had for a more particular description.

ALSO all that tract or parcel of land situate in said Town of Sanford in Great Lot No. Twenty (20) in Fisher & Norton's Patent, bounded as follows: Beginning at the northwest corner of said Great Lot No. 20 and running thence south three degrees west, forty chains and twenty links to John Pinney's corner (formerly); thence south eighty-seven degrees east, thirty chains to a stone heap corner; thence north three degrees east, forty-five chains and twenty links to a post and stones; thence north eighty-seven degrees west, thirty chains to the place of beginning, containing one hundred and thirty-five acres and six-tenths of an acre of land, more or less, both as to distance and area, excepting and reserving therefrom, however, a piece of land eight by twelve feet around the grave of the wife of Adam Nellis, and excepting also about nineteen acres, more or less, conveyed by Grover Pinney to Wm. Luscomb from the northerly side of said premises by deed dated February 21, 1867 and recorded in Broome County Book of Deeds No. 76 at page 34 and by Lidia F. Pinney by deed dated February 6, 1878 and recorded in Broome County Book of Deeds No. 105 at page 251, and being the same premises conveyed by Grover Pinney to said Lidia F. Pinney by deed dated September 15, 1900 and recorded in Broome County Book of Deeds No. 175 at page 367.

This conveyance is given and accepted subject to a right of way given to New York State Electric & Gas Corporation by Clem Eldred and Ida M. Reynolds on April 11, 1946 by instrument recorded in the Broome County Clerk's Office on August 17, 1946, in Book 607 of Deeds at page 221.

Being the same premises conveyed to Ida M. Reynolds as Ida M. Eldred by Carrie G. Pinney, by Deed dated February 1, 1916, and recorded in the Broome County Clerk's Office on March 16, 1916, in Book 363 of Deeds at page 634.

### Parcel 2

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Sanford, County of Broome and State of New York, lying in the southeast quarter of the said Township of Warrah and Fisher and Norton's Patent and is a part of Lot Number 11 and is bounded as follows: Beginning at the southeast corner of a piece of land formerly conveyed to Jonas P. Applington and running thence westerly along said Applington's south line and the same courses to the west line of the lot, being 80 chains; thence northwardly 15 chains along the said west line; thence eastwardly parallel with said first line 80 chains to the east line of the land, thence southwardly along said east line 15 chains to the place of beginning, containing 120 acres of land; excepting and reserving from the above described premises 1 acre of land sold by Elemer Pinney to N. L. Kniokman.

Also the second piece, on which Hiram Nickerson formerly lived, beginning at a post and stones standing in John Pinney's mill pond, thence north 87 degrees west across said pond 4 chains and 17 links to the highway leading along the Oquaga Creek; thence along said highway north 9 chains and 50 links to a post and stones; thence south 87 degrees east 2 chains and 50 links to a post and stones; thence north 35 degrees east 2 chains to the center of the highway leading from Betteburg to Deposit, thence along said highway south 87 degrees east 1 chain and 34 links to James R. Applington's west line; thence south 3 degrees west along said line 11 chains and 50 links to the place of beginning containing 4 acres and 49/100 of an acre of land be the same more or less; excepting and reserving out of

the last mentioned, one-fourth of an acre in the northwesterly corner of the lot.

Also the third piece, bounded as follows: beginning at the southwest corner of which is in John Finney's mill pond; thence running eastwardly along the south line of Applington's land 4 chains and 42 1/2 links to a stake and stones; thence northerly parallel with the west line of said Applington's land to the middle of the highway; thence westwardly along said highway to the west line of said Applington's land; thence southwardly to the place of beginning, containing 5 acres of land be the same more or less. This lot of land last mentioned is the southwest part of the lot of land on which the said Applington formerly lived and bounded east on his own land; south on John Finney's land; west on land formerly occupied by Hiram Nickerson.

The above described premises and all thereof are the same conveyed by Fred G. Finney and Cora Finney, his wife, by E. D. Cumming, as Trustee for Fred G. Finney and Cora Finney, by deed dated March 11, 1926, and recorded in said Clerk's Office in Liber 362 of Deeds at page 2.

There is excepted and reserved from said premises a parcel of land conveyed by Fred G. Finney and wife to the County of Broome, more particularly described in the deed recorded in said Clerk's Office in Book 377 of Deeds at page 469.

There is also excepted and reserved a parcel of land conveyed by Fred G. Finney and wife to School District Number 26, as more particularly described in a quit claim deed recorded in said Clerk's Office in Book 401 of Deeds at page 229.

This conveyance is made and accepted subject to the easement given by Fred G. Finney and Cora Finney to New York State Electric and Gas Corporation, recorded in said Clerk's Office in Liber 425 of Deeds at page 158.

Excepting and reserving premises conveyed to Douglas A. Parsons by deed recorded in the Broome County Clerk's Office on April 28, 1961, in Book 1035 of Deeds at page 73, and described therein as follows:

"ALL THAT PIECE OR PARCEL OF LAND situate in the Town of Sanford, County of Broome, and State of New York, located on the westerly side of the public highway, Route 41, between the Hamlets of McClure and Sanford, and being 0.31 miles south along said highway from the highway T-intersection at Sanford; said parcel of land being a southerly portion of that parcel designated as No. 36 in Section 7 of the Broome County Tax Map, town of Sanford; and said parcel of land being delineated on a map dated March 11, 1961, prepared by Paul E. Blomquist, PE and LS, and more particularly described as follows:

"BEGINNING at an iron pipe 33.0 feet westerly from the physical center-line of Route 41 and 14.5 feet northwesterly from N. Y. State Elec. and Gas Corp. Pole No. 435/30; said pipe being in the southerly bounds of the property herein conveyed and in the northerly bounds of property presently owned by Wilbur C. and Wilbur J. Parsons;

"THENCE North 60 degrees 11 minutes West, along the northerly line of property of aforesaid Parsons, 109.9 feet to an iron pipe in the line of a stone wall;

"THENCE North 09 degrees 50 minutes East, along property presently under contract of sale from Ida M. Reynolds to Grant E. Rice, 313.0 feet to an iron pipe, said pipe being South 28 degrees 35 minutes West and 38.0 feet from a 14 inch diameter locust tree;

"THENCE South 80 degrees 51 minutes East, along property of said Reynolds under contract of sale to said Rice, 75.7 feet to an iron pipe within property presently owned by the County of Broome, said pipe being South 63 degrees 45 minutes West and 66.0 feet from the southeast corner of the stone foundation wall of a dwelling on the west side of Route 41; continuing therefrom on the same bearing 41.0 feet to a point unmarked in the physical center-line of Route 41;

"THENCE southerly along Route 41 to points unmarked in the physical center-line thereof, as follows:

"South 08 degrees 18 minutes West, 116.0 feet,
"South 05 degrees 37 minutes West, 180.0 feet, and
"South 00 degrees 14 minutes West, 100.0 feet, which last point is in the northerly line of property of Parsons aforesaid;

"THENCE North 60 degrees 11 minutes West, 33.0 feet to the point of beginning, containing 0.901 acre of land; but EXCEPTING AND RESERVING therefrom the southerly portion of a parcel of land heretofore acquired by the County of Broome for highway purposes and described as Parcel 9-G in Book 377 of Deeds at Page 469, said southerly portion of Parcel 9-G containing about 0.04 acre; also EXCEPTING whatever other right, title, or interest the County of Broome may have in and to lands westerly of the physical center-line of Route 41; also EXCEPTING whatever right, title, or interest the N.Y.S.E. & G. Corp. may have in and to land along the westerly side of Route 41;

"BEARINGS above described are referred to the local magnetic meridian of March 11, 1961, said meridian being approximately 11 degrees 03 minutes west of the true meridian at that time.

FURTHER EXCEPTING AND RESERVING:

ALL THAT TRACT OR PARCEL OF LAND being situate in the Town of Sanford, Broome County, State of New York; being a portion of the lands presently described in L. 1170 – P. 730 (portion of Parcel 1-B therein); being a portion of Great Lot 20 in the Fisher & Norton Tract; and being further described as follows:

BEGINNING at a point in the centerline of the Shaver Hill Road, said point being the northwesterly corner of this parcel and the southwesterly corner of the lands reputedly of Debra A. Rice per L. 1744 – P. 578 (James S. Rice being deceased), said point further being a northwesterly corner of the present lands of the grantors herein; thence proceeding from said point of beginning along the lands of Debra A. Rice as referenced herein the following four (4) courses:

1. N 87° 51' 12" E   25.38 feet to a found no. 5 rebar tagged "SHIELDS, 49342" located on the easterly bounds of the road;

2. In the same direction  N 87° 51' 12" E   489.06 feet to a found no. 5 rebar tagged as above;

3. N 5° 04' 29" W   486.74 feet to a found no. 5 rebar tagged as above located on the southerly bounds of the Loomis Hill Road;

4. In the same direction  N 5° 04' 29" W   25.61 feet to a point in the center of said road;

thence along the centerline of the same the following two (2) courses:

1. N 81° 06' 59" E   252.04 feet;

2. N 83° 56' 14" E   48.00 feet to a point;

thence through the lands of the grantors herein the following four (4) courses:

1. S 21° 50' 25" W   28.00 feet to a set no. 5 rebar tagged "SHIELDS, NYLS 49342" located on the southerly bounds of the road;

2. In the same direction  S 21° 50' 25" W   633.59 feet to a set no. 5 rebar tagged as above;

3. S 87° 51' 12" W   485.94 feet to a set no. 5 rebar tagged as above located on the easterly bounds of the Shaver Hill Road;

4. In the same direction  S 87° 51' 12" W   25.38 feet to a point in the centerline of said road;

Thence along the centerline of the same  N 8° 02' 21" W   60.24 feet to the point of beginning.

The same containing 2.680 acres of land.

SUBJECT TO:  The rights of the public to the roadbeds of the Shaver Hill Road and Loomis Hill Road.

SUBJECT TO:  Utility easements of record and/or as found in the field, including L. 1659 – P. 72 to NYSEG and L. 1774 – P. 58 to NYSEG.

SUBJECT TO:  A permanent easement for utility service as set forth in L. 1797 – P. 110.

Bearings in the above description are referenced to magnetic north per L. 1744 – P. 578.

The above parcel being shown as LOT B on a survey map entitled "SURVEY OF THE LANDS OF AND TO BE CONVEYED TO DEBRA A. RICE" by Kenneth B. Shields, L.S. dated June 30, 2005.

This conveyance is given and accepted subject to the rights acquired by the State of New York by reason of a public fishing easement along Oquaga Creek as more particularly described in fishing easement dated July 31, 1970, and recorded in the Broome County Clerk's Office August 18, 1970, in Book 1162 of Deeds at page 236.

EXCEPTING AND RESERVING from said premises lands conveyed to the County of Broome as an Easement for constructing and maintaining a drainage structure, stream channel and slope, by instrument dated June 4, 1986 and recorded on June 6, 1986 in the Broome County Clerk's Office in Liber 1535 of Deeds at page 7.

FURTHER EXCEPTING and RESERVING lands conveyed to Dashrat Lacknauth and Matriani Lacknauth by deed dated December 26, 1986 and recorded December 30, 1986 in the Broome County Clerk's Office in Liber 1587 of Deeds at page 108.

FURTHER EXCEPTING and RESERVING lands conveyed to James S. Rice and Debra A. Rice by deed dated January 10, 1989 and recorded January 11, 1989 in the Broome County Clerk's Office in Liber 1744 of Deeds at page 578.

This conveyance is made subject to the following easements and rights of way:

1. To New York State Electric and Gas Corporation dated March 12, 1987 and recorded November 25, 1987 in the Broome County Clerk's Office in Liber 1659 at page 72.
2. To New York State Electric and Gas Corporation dated October 31, 1989 and recorded February 26, 1990 in the Broome County Clerk's Office in Liber 1774 at page 58.
3. To James S. Rice and Debra A. Rice dated April 9, 1991 and recorded May 3, 1991 in the Broome County Clerk's Office in Liber 1797 at page 110.

Being a portion of the premises conveyed to Grantors by deed dated and recorded on June 7, 1971 in the Broome County Clerk's Office in Liber 1170 of Deeds at page 730.